# United States Court of Appeals
## For the First Circuit

No. 03-2464

UNITED STATES OF AMERICA,

Appellee,

v.

RAMON VEGA-ORTIZ

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Selya, Dyk,[*] and Howard, Circuit Judges.

Ramon Garcia Garcia for appellant.
    H.S. Garcia, United States Attorney,and Nelson Pérez-Sosa,
Senior Appellate Attorney, for appellee.

October 7, 2005

    *Of the United States Court of Appeals of the Federal
Court, sitting by designation.

**HOWARD**, **Circuit Judge**.  Ramon Vega-Ortiz pleaded guilty to one count of conspiracy to distribute heroin, cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1)(A) & 846.  At the conclusion of Vega-Ortiz's sentencing hearing, the district court imposed a sentence of 120 months of imprisonment.  In addition, the court announced that it would impose a five-year period of supervised release with the following conditions:

> [While on supervised release] the defendant shall not commit another federal, state or local crime and observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.  The defendant shall not unlawfully possess controlled substances and submit to a drug test within fifteen days of release, and thereafter whenever so requested by the U.S. Probation Officer.  If any such samples detect substance abuse, the defendant shall participate in a substance abuse program, arranged and approved by the probation officer until duly discharged by authorized personnel with the approval of the probation officer.

Vega-Ortiz did not object to these conditions.

In due course, the court reduced Vega-Ortiz's sentence to a written judgment.  See Fed. R. Crim. P. 32(k)(1).  The written judgment was identical to the oral pronouncement of sentence, except for the portion concerning drug testing.  In this respect, the judgment read: "The defendant shall not illegally possess controlled substances and shall submit to a drug test within fifteen days of release on supervised release, at least two

-2-

periodic tests thereafter and whenever required by the probation officer." (Emphasis supplied).

On appeal, Ortiz challenges the drug-testing condition on two grounds. First, he argues that the district court committed plain error by delegating to the probation officer the authority to determine the number of drug tests he must undergo. Second, he complains that the court's pronouncement of sentence conflicts with the written judgment insofar as only the written judgment requires that he submit to at least three drug tests. According to Vega-Ortiz, the oral pronouncement of sentence must control in these circumstances. We consider these arguments in turn.

In United States v. Meléndez-Santana, 353 F.3d 93, 106 (1st Cir. 2003), a panel of this court held that the district court committed plain error by delegating to the probation officer the authority to establish the defendant's drug-testing regimen while on supervised release. In light of this holding, the government conceded that the delegation to the probation officer in this case was plain error. The government has taken this position in several other post Meléndez-Santana appeals, and we have accepted these concessions. See, e.g., United States v. Villafane-Jimenez, 410 F.3d 74, 88 (1st Cir. 2005); United States v. Ayala-Pizarro, 407 F.3d 25, 29 (1st Cir. 2005).

After the filing of appellate briefs in this case, however, the law of the circuit changed. Sitting en banc, the court abrogated the plain-error holding of Meléndez-Santana. See United States v. Padilla, 415 F.3d 211, 220-23 (1st Cir. 2005) (en banc). While not disturbing the ruling that a district court errs by delegating to the probation officer the authority to establish the number of required drug tests, see id. at 217-18, the en banc court held that defendants who fail to preserve the Meléndez-Santana issue are not automatically entitled to plain error relief but must show that the error "affects substantial rights" and "impugn[s] the fairness, integrity or public reputation of the criminal proceeding as a whole," id. at 220-23.

Given the controlling law at the time this case was briefed, we do not fault the government for its concession. But that does not mean that we are required to accept it. See United States v. Mescual-Cruz, 387 F.3d 1, 8 n.2 (1st Cir. 2004) ("The court of appeals is not obligated to accept legal propositions even when the parties are agreed, merely because there is no adversary dispute or presentation on the particular issue."). "While concessions are often useful to a court, they do not, at least as to questions of law that are likely to affect a number of cases in the circuit beyond the one in which the concession is made, relieve this Court of the duty to make its own resolution of such issues." Deen v. Darosa, 414 F.3d 731, 734 (7th Cir. 2005).

-4-

There are currently several cases pending before this court in which the government has conceded plain error based on an error of the sort identified in Meléndez-Santana. But after Padilla, there is no question that an unpreserved Meléndez-Santana error cannot automatically ground a sentence vacatur. In these circumstances, it is appropriate to ignore the government's concession and to follow our clear precedent. See United States v. Sánchez-Berríos, --F.3d--, 2005 WL 2277629, at *10 (1st Cir. Sept. 20, 2005) (declining, post-Padilla, to accept government's concession of plain error for Meléndez-Santana violation). For the reasons stated in Padilla, 415 F.3d 220-23, the delegation error alleged by Vega-Ortiz does not satisfy either the third or fourth prongs of the plain-error standard and thus does not constitute plain error.

Vega-Ortiz next claims that the condition in the written judgment requiring that he submit to a minimum of three drug tests does not govern because the court did not state this condition at the sentencing hearing. A criminal defendant has a right to be present at his own sentencing. See Thompson v. United States, 495 F.2d 1304, 1306 (1st Cir. 1974). A consequence of this right is that, "where a district court's oral expression of its sentencing rationale varies materially from its subsequent written expression of that rationale, appellate courts have tended to honor the former at the expense of the latter." United States v. Cali, 87

-5-

F.3d 571, 579 (1st Cir. 1996). Thus, we must decide whether the district court's failure to articulate the three-drug-test condition in pronouncing Vega-Ortiz's sentence constitutes a material conflict with the written judgment.

Our decision in United States v. Tulloch, 380 F.3d 8 (1st Cir. 2004), governs. In Tulloch, we held that a written judgment requiring a minimum of three drug tests as a condition of supervised release applied even though the pronouncement of sentence did not include the requirement. See id. at 11-14. We reasoned that the condition of a minimum of three drug tests is required by statute, 18 U.S.C. § 3583(d), and is a mandatory condition of supervised release under the Sentencing Guidelines, U.S.S.G. § 5D1.3(a)(4). See Tulloch, 380 F.3d at 11-12. Therefore, the defendant was on "constructive notice" that, by receiving a period of supervised release as part of his sentence, he would necessarily be required to submit to at least three drug tests. Id. at 12.[1]

So too here. At the sentencing hearing, the district court told Vega-Ortiz that the conditions of his supervised release would be governed by the standard conditions set forth in the Sentencing Guidelines. Vega-Ortiz was therefore on

_____

[1]We recognized that the district court can reduce the minimum number of drug tests, see 18 U.S.C. § 3563(a)(5), but that because the defendant was on constructive notice of the drug test requirement, it was his responsibility to request the court for a reduction, see Tulloch, 380 F.3d at 12-13.

constructive notice that the condition of a minimum of three drug tests presumptively would apply.  <u>See</u> <u>id.</u>  The written judgment spelled out the standard conditions in detail, but this was only a clarification of the pronouncement of sentence, and not a material conflict.  <u>See</u> <u>id.</u> (citing <u>United States</u> v. <u>Truscello</u>, 168 F.3d 61, 63 (2d Cir. 1999)).

**<u>Affirmed</u>**.