## Commonwealth *vs.* Charles L. Williamson, Jr.

Berkshire. March 8, 2012. - July 9, 2012.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act. Parole. Practice, Criminal,* Parole, Sentence.

This court remanded for resentencing the defendant's conviction of failing to register as a sex offender, first offense, pursuant to G. L. c. 6, § 178H (*a*) (3), where the judge mistakenly concluded that imposition of community parole supervision for life (CPSL) was mandatory [679-684]; on the other hand, this court concluded that there was no merit to the defendant's claim that the CPSL portion of his sentence must be vacated because it appeared on the docket without having been announced in open court, where the defendant was on notice that CPSL was part of the joint sentencing recommendation and had reason to understand that he was subject to CPSL as part of his sentence [684-686].

Indictment found and returned in the Superior Court Department on November 20, 2008.

A motion to correct sentence, filed on March 11, 2010, was heard by *John A. Agostini, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Elizabeth Caddick* for the defendant.

*John P. Bossé,* Assistant District Attorney, for the Commonwealth.

Lenk, J. The defendant pleaded guilty before a Superior Court judge to the charge of failing to register as a sex offender, first offense, pursuant to G. L. c. 6, § 178H (*a*) (3). In open court, the defendant was sentenced to incarceration for one year in a house of correction. Thereafter, a sentence to community parole supervision for life (CPSL)[1] also entered on the docket. The defendant subsequently filed an "emergency motion to correct

---

[1] The Legislature has provided "for lifetime parole ('community parole supervision for life' [CPSL]) for certain sex offenders," *Commonwealth* v.

the sentence," arguing that the CPSL portion of the sentence should be vacated. The motion was denied, and we transferred the defendant's appeal to this court on our own motion.

The defendant claims, among other issues, that the imposition of CPSL is discretionary, not mandatory, under the terms of G. L. c. 6, § 178H (*a*) (3). We agree and conclude that, because it is evident from the record that the sentencing judge mistakenly believed that imposition of CPSL was mandatory, we must vacate the sentence and remand for resentencing to ensure proper exercise of the judge's discretion.

1. *Background.* a. *Statutory framework.* General Laws c. 6, §§ 178C-178O, provides "an extensive statutory registration scheme for sex offenders, in order to protect the public from 'the danger of recidivism posed by sex offenders' and to aid law enforcement officials in protecting their communities by providing them with information." *Commonwealth* v. *Rosado*, 450 Mass. 657, 659-660 (2008), quoting *Doe, Sex Offender Registry Bd. No. 3844* v. *Sex Offender Registry Bd.*, 447 Mass. 768, 769 (2006). A convicted sex offender must register with the sex offender registry board (board), G. L. c. 6, § 178E, which then determines the individual's classification level. See G. L. c. 6, § 178K (2). That classification, in turn, dictates the sex offender's obligations with respect to registration.

There are three classification levels. At all three levels, offenders "must register with the board, provide home and work addresses, notify the board of any changes, and verify their information at regular intervals." *Commonwealth* v. *Maker*, 459 Mass. 46, 48-49 (2011), citing G. L. c. 6, §§ 178E-178F$^{1}$/2. Those at the lowest risk of recidivism are designated level 1 sex offenders, see G. L. c. 6, § 178K (2) (*a*), and must verify registration information with the board annually by mail. See G. L. c. 6, § 178F. Level 2 and 3 sex offenders, those at "moderate" and "high" risk of reoffense, respectively, see G. L. c. 6, § 178K (2) (*b*), (*c*), must meet the same registration require-

Renderos, 440 Mass. 422, 429 (2003), including those who fail to register with the sex offender registry board (board). See G. L. c. 6, § 178H (*a*). As relevant here, "[s]ex offender" is defined as "a person who resides . . . in the [C]ommonwealth and who has been convicted of a sex offense." G. L. c. 6, § 178C.

ments, but "while level 1 offenders can provide verification by mail, level 2 or 3 offenders must appear in person at their local police department." *Commonwealth* v. *Maker*, *supra* at 49, citing G. L. c. 6, § 178F½.

Any sex offender required to register who "knowingly: (i) fails to register; (ii) fails to verify registration information; (iii) fails to provide notice of a change of address; or (iv) who knowingly provides false information" is guilty of the offense of failure to register. G. L. c. 6, § 178H (*a*). A level 2 or level 3 sex offender convicted of failing to register "shall, in addition to the term of imprisonment authorized by this subsection, be subject to community parole supervision for life." G. L. c. 6, § 178H (*a*) (3). See *Commonwealth* v. *Kately*, 461 Mass 575, 581 (2012) (assuming without deciding that CPSL is mandatory under this subsection).

b. *Facts and prior proceedings.* In 1985, the defendant was convicted of rape and abuse of a child. As a consequence, the board classified the defendant as a level 3 sex offender, subject to the statutory registration requirements. A police investigation revealed that the defendant had provided false registration information from at least April to June, 2008.

The defendant was indicted for failure to register as a sex offender, second offense, G. L. c. 6, § 178H (*a*) (2),[2] on November 20, 2008, and initially pleaded not guilty to the charge. On July 14, 2009, the prosecutor and the defendant, through his attorney, entered into a plea agreement. Under the terms of the agreement, the defendant would plead guilty to the lesser offense of failing to register as a sex offender, first offense, pursuant to G. L. c. 6, § 178H (*a*) (3), and the defendant would agree to the Commonwealth's sentencing recommendation. According to the prosecutor, this recommendation called for the defendant to be sentenced to one year in a house of correction "under the provisions of [G. L. c. 6, § 178H (*a*) (3),] which would still provide for lifetime parole." The judge "accept[ed]" both the plea and joint recommendation.

---

[2] The basis for the "second offense" nature of the indictment is unclear from the record. The indictment states that the defendant "ha[d] been previously convicted of a like offense," but the Commonwealth has submitted no evidence of a previous conviction of failing to register.

When the clerk announced the sentence in open court, however, CPSL was not mentioned: "The Court, in consideration of this offense, orders that you be confined in the house of correction at Pittsfield, in the county of Berkshire, for the term of one year." At some point thereafter, the imposition of CPSL was memorialized on both the docket and the indictment.

On March 11, 2010, almost eight months later, the defendant filed a motion to correct the sentence, pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001), requesting that the court "vacate the portion of the sentence that calls for [CPSL]," on the basis that the judge erred in treating the imposition of CPSL as mandatory rather than discretionary. In a supplement to the motion, the defendant also argued that CPSL must be vacated because "it was not imposed in court while [the] defendant was present, thereby violating his constitutional right to be present at sentencing." The same judge who heard the defendant's plea denied this motion, stating, "I agree with the Commonwealth that CPSL is mandatory under [G. L. c. 6, § 178H (*a*) (3)]. In addition, the transcript indicates that the defendant, as part of the plea, accepted this condition."

2. *Discussion.* The defendant renews his arguments on appeal, claiming that imposition of CPSL under G. L. c. 6, § 178H (*a*) (3), is discretionary, and that he did not have sufficient notice of the CPSL because it was not announced in open court as part of his sentence. We address each point in turn.

a. *Whether imposition of CPSL under G. L. c. 6, § 178H (a) (3), is discretionary.* In determining whether G. L. c. 6, § 178H (*a*) (3), permits judicial discretion, we start "with the language of the statute itself and 'presume, as we must, that the Legislature intended what the words of the statute say.' " *Commonwealth* v. *Young*, 453 Mass. 707, 713 (2009), quoting *Collatos* v. *Boston Retirement Bd.*, 396 Mass. 684, 687 (1986). "The statutory language, when clear and unambiguous, must be given its ordinary meaning." *Bronstein* v. *Prudential Ins. Co.*, 390 Mass. 701, 704 (1984), citing *Hashimi* v. *Kalil*, 388 Mass. 607, 610 (1983). However, when a criminal statute can "plausibly be found to be ambiguous," the rule of lenity applies, and we "give the defendant the benefit of the ambiguity." *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 652 (1992).

The provision at issue, G. L. c. 6, § 178H (*a*) (3), requires that "[a]ny person convicted under this subsection who is a level 2 or level 3 sex offender shall . . . be subject to community parole supervision for life . . . ." The operative language — "subject to" — is not defined in the statute.[3] "When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose." *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366, 369 (1977). While in many instances we look to "usual and accepted meanings from sources presumably known to the statute's enactors, such as . . . other legal contexts and dictionary definitions," *id.*, here, resort to such sources does not settle the meaning of the phrase "subject to." Antonymous definitions of the phrase can be found in the very same dictionaries.[4] In addition, our previous cases,[5] and those in other jurisdictions,[6] have reached differing results as to its meaning.

---

[3]The Commonwealth makes much of the fact that the word "shall" precedes the phrase "subject to." This, it argues, clarifies that the Legislature intended the imposition of CPSL to be mandatory. We disagree. Even assuming "shall" as used in this statute is intended to be mandatory, this sheds no additional light on the meaning of "subject to" because a mandatory "shall" is consistent with either reading of the statute. Either the judge must consider imposing CPSL in his discretion, or must impose CPSL. To the extent "subject to" is conditional, the word "shall" does nothing to dispel its meaning; the question whether the judge has discretion can only be discerned by examination of the operative phrase "subject to." See *State* v. *Rama*, 298 N.J. Super. 339, 342 (App. Div. 1997) (concluding that phrase "shall be subject to" is ambiguous because "[a]lthough 'shall' is mandatory, 'subject to' is less clearly so").

[4]See Webster's New Universal Dictionary 1893 (2003) (defining "subject [to]" as "being dependent or conditional upon something" and "being under the necessity of undergoing something"); The American Heritage Dictionary of the English Language 1788 (3d ed. 1992) (defining "subject [to]" as both "[b]eing in a position or in circumstances that place one under the power or authority of another or others" and "[c]ontingent or dependent"); Webster's Ninth New Collegiate Dictionary 1174 (1991) (defining "subject [to]" as "contingent on or under the influence of some later action").

[5]Compare *Flower* v. *Billerica*, 324 Mass. 519, 522 (1949) ("The words 'subject to,' used in their ordinary sense, mean 'subordinate to,' 'subservient to,' or 'limited by' "), with *Commissioner of Corps. & Taxation* v. *Second Nat'l Bank*, 308 Mass. 1, 5-6 (1941) ("subject to" refers to future contingency).

[6]Compare *Campbell* v. *Federal Energy Regulatory Comm'n*, 770 F.2d 1180, 1189 (D.C. Cir. 1985) ("In ordinary language, to say that something may exist or be done subject to some other event does not necessarily mean the latter is a necessary condition to the former . . . . To achieve the effect of either a

Having rejected the Commonwealth's argument that the plain language of the subsection unambiguously provides for mandatory CPSL, we turn to other accepted canons of statutory construction. We first review the statutory context. "When the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute . . . ." *Commonwealth* v. *Galvin*, 388 Mass. 326, 328 (1983), quoting *Holbrook* v. *Holbrook*, 1 Pick. 248, 250 (1823). Statutes should be read "as a whole to produce an internal consistency." *Commonwealth* v. *Fall River Motor Sales, Inc.*, 409 Mass. 302, 316 (1991).

The three subsections of G. L. c. 6, § 178H (*a*), set forth the penalties for failure to register for three differently situated groups of defendants. Subsection 178H (*a*) (1), which applies to those convicted of certain enumerated sex offenses,[7] provides that defendants convicted under this subsection "shall . . . *be punished by* a term of community parole supervision for life" (emphasis supplied). Subsection 178H (*a*) (2), which applies to those level 2 and level 3 offenders convicted of a subsequent offense of failing to register, identically states that anyone convicted under the subsection "shall . . . *be punished by* a term of community parole supervision for life" (emphasis supplied). This language, on its face, requires the mandatory imposi-

condition precedent or subsequent by using the phrase 'subject to,' one must couple it to some language denoting a procedure that by itself implies prior or subsequent action, respectively"), with *United States ex rel. Totten* v. *Bombardier Corp.*, 286 F.3d 542, 547 (D.C. Cir. 2002), aff'd, 380 F.3d 488 (D.C. Cir. 2004), cert. denied, 544 U.S. 1032 (2005) (describing "subject to" as meaning "bound by").

[7] In particular, this subsection applies to those convicted of failing to register and who have been adjudicated or convicted of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B; aggravated indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B½; indecent assault and battery on a child under fourteen, subsequent offense, G. L. c. 265, § 13B¾; indecent assault and battery on a person with an intellectual disability, G. L. c. 265, § 13F; rape of a child under sixteen, G. L. c. 265, § 22A; aggravated rape of a child under sixteen, G. L. c. 265, § 22B; aggravated rape of a child under sixteen with particular sexual assault, delinquent adjudication or conviction, G. L. c. 265, § 22C; statutory rape, G. L. c. 265, § 23; aggravated statutory rape, G. L. c. 265, § 23A; statutory rape, subsequent offense, G. L. c. 265, § 23B; assault on a child under sixteen with intent to rape, G. L. c. 265, § 24B; kidnapping, G. L. c. 265, § 26; or conspiracy to commit any of these offenses or as an accessory thereto.

tion of CPSL for those convicted under the first two subsections. By contrast, the language of § 178H (*a*) (3), the provision at issue, reads: "Any person convicted under this subsection who is a level 2 or level 3 sex offender shall . . . *be subject to* community parole supervision for life . . ." (emphasis supplied).

"Where the Legislature used different language in different paragraphs of the same statute, it intended different meanings." *Ginther* v. *Commissioner of Ins.*, 427 Mass. 319, 324 (1998). See *DePierre* v. *United States*, 131 S. Ct. 2225, 2234 (2011). We see no need to dispense with this general rule of construction in this case. The Legislature utilized clear language in the first two subsections imposing mandatory CPSL ("shall . . . be punished by") but subsequently adopted ambiguous language ("shall . . . be subject to") in § 178H (*a*) (3). This use of different language strongly suggests the legislative intent to convey a different meaning.

The legislative history of § 178H (*a*) (3) reinforces this reading. See *Commonwealth* v. *Raposo*, 453 Mass. 739, 746 (2009). Subsections 178H (*a*) (1) and (2) were added in July, 2006, see St. 2006, c. 139, §§ 26, 27, while § 178H (*a*) (3) was added separately, effective December 20, 2006, see St. 2006, c. 303, § 4. The first version of the bill adding § 178H (*a*) (3) included language identical to the other subsections ("shall . . . be punished by"), see 2005 House Doc. No. 5234, § 4, but the final, approved version of the bill amended the text to its current form ("shall . . . be subject to"). See St. 2006, c. 303, § 4. The Legislature thus considered and rejected specific language that would have required CPSL as a mandatory portion of a sentence, language it had included as part of statutory amendments to the same statute earlier the same year. This change counsels in favor of reading G. L. c. 6, § 178H (*a*) (3), as calling for discretionary imposition of CPSL. See *Furtado* v. *Plymouth*, 451 Mass. 529, 537 n.14 (2008) ("the contemporaneous decision of the Legislature to adopt one form of a proposed bill and not another may highlight the intended meaning of the adopted language"); *Commonwealth* v. *Harris*, 443 Mass. 714, 736 (2005) (Marshall, C.J., concurring in part and dissenting in part), quoting *Transportation Ins. Co.* v. *Maksyn*, 580 S.W.2d 334, 338 (Tex. 1979) ("The deletion of a provision in a pending

bill discloses the legislative intent to reject the proposal. Courts should be slow to put back that which the [L]egislature has rejected").[8]

This construction is also consistent with the statute's scheme and purpose. See *Boston Police Patrolmen's Ass'n* v. *Police Dep't of Boston*, 446 Mass. 46, 50 (2006) ("construe the statute as a whole, to ensure that the statute serves its intended purpose"). The first two subsections, which require mandatory CPSL, refer to the most serious offenders: either those who committed particularly serious offenses (§ 178H [a] [1]) or those who repeatedly failed to register (§ 178H [a] [2]). Subsection 178H (a) (3), on the other hand, refers only to level 2 and level 3 sex offenders. Read in light of the first two subsections, § 178H (a) (3) applies only to those level 2 and level 3 offenders whose offenses are not as severe as those enumerated in § 178H (a) (1), as well as those offenders who have not been previously convicted of failing to register; in other words, it applies to those least deserving of mandatory CPSL.

A contrary reading of the statute is unpersuasive also because, if read to require, rather than permit, CPSL, § 178H (a) (3) would render § 178H (a) (2) a nullity. It is a basic principle of statutory construction that a statute should "be construed 'so that effect is given to all its provisions, so that no part will be inoperative or superfluous.' " *Bankers Life & Cas. Co.* v. *Commissioner of Ins.*, 427 Mass. 136, 140 (1998), quoting 2A B. Singer, Sutherland Statutory Construction § 46.06 (5th ed. 1992). Subsection 178H (a) (2) specifically refers to "level 2 or level 3 offender[s]" who have previously been convicted of failing to register, whereas § 178H (a) (3) refers more generally to "level 2 or level 3 sex offender[s]." To read both sections as requiring mandatory CPSL would completely subsume § 178H (a) (2) into § 178H (a) (3).

Accordingly, we conclude that G. L. c. 6, § 178H (a) (3), allows for discretionary imposition of CPSL.[9] In this case, the

___

[8]Even assuming, as the Commonwealth argues, that this change appeared on the bill's "third reading," such amendments remain indicative of the Legislature's intent. See *Wheatley* v. *Massachusetts Insurers Insolvency Fund*, 456 Mass. 594, 608 (2010) (using change after third reading as "indication[] of legislative intent"); *Commonwealth* v. *Neiman*, 396 Mass. 754, 758-759 (1986) (same).

[9]This does not render § 178H (a) (3) unconstitutionally vague. In general, a

judge who indicated that he "agree[d] with the Commonwealth that CPSL is mandatory under [G. L. c. 6, § 178H (*a*) (3)]," was the same judge who accepted the defendant's plea and imposed the defendant's sentence. The judge could not have attempted to exercise discretion that he did not think he had. Therefore, the defendant must be resentenced[10] so that the judge may properly exercise his discretion in determining whether to impose CPSL as part of the sentence. See *Katz* v. *Commonwealth,* 379 Mass. 305, 316 (1979) ("the remedy for an error in sentencing is not dismissal or new trial, but resentencing").

b. *Whether the defendant had sufficient notice of the CPSL.* The defendant next argues that the CPSL portion of his sentence should be vacated, without remand for resentencing, because the imposition of CPSL was not announced in open court. As a result, the defendant contends, CPSL was not properly imposed in the first instance, was not included as part of his sentence, and therefore could not be imposed on resentencing. We conclude that CPSL was properly imposed in the first instance despite the variance between the oral pronouncement in open court and the

---

judge "has discretion to consider a broad range of information in imposing sentence," *Commonwealth* v. *Bianco,* 390 Mass. 254, 259 (1983), and cases cited, and "[w]e have no reason to believe that a judge will not continue to exercise this discretion wisely . . . ." *Commonwealth* v. *Leis,* 355 Mass. 189, 199 (1969). Unlike the statute at issue in *Commonwealth* v. *Pagan,* 445 Mass. 161 (2005), which sought to constrain this broad sentencing discretion by "confused and conflicting" references to a "clear and convincing evidence" burden of proof, G. L. c. 275, § 18, third par., permits exercise of a judge's general sentencing discretion. The judge might consider such traditional sentencing factors as "the defendant's character, propensities, criminal record, the nature and seriousness of the danger posed to any person or the community and the nature and circumstances of the offense for which the defendant is convicted." *Commonwealth* v. *Pagan, supra* at 172, quoting G. L. c. 275, § 18, third par. While this list is meant to be illustrative rather than exhaustive, it is unlikely that defendants and prosecutors will be unaware of the factors a judge would reasonably consider in deciding whether to impose CPSL.

[10]The Commonwealth's argument that we cannot remand for resentencing because to do so would upset the "contract" between the Commonwealth and the defendant is without merit. The sentencing judge has the authority to reduce an agreed-on sentence without providing the Commonwealth with the opportunity to revoke the plea. See *Commonwealth* v. *Dean-Ganek,* 461 Mass. 305 (2012); *Commonwealth* v. *Rodriguez,* 461 Mass. 256 (2012). The fact that the defendant agreed to CPSL did not deprive the judge of his discretion to reduce the sentence.

docketed written expression of sentence. This is because the defendant was on notice and had reason to understand that he was subject to CPSL as part of his sentence.

"A criminal defendant has the right to be present at his own sentencing."[11] *United States* v. *Vega-Ortiz,* 425 F.3d 20, 22 (1st Cir. 2005). Consistent with this right, the oral pronouncement of a sentence generally controls over the written expression where there exists a "material conflict" between the two. *United States* v. *Ortiz-Torres,* 449 F.3d 61, 74 (1st Cir.), cert. denied sub nom. *Cosme-Piri* v. *United States,* 549 U.S. 941 (2006), cert. denied sub nom. *Torres-Santiago* v. *United States,* 549 U.S. 967 (2006), and cert. denied sub nom. *Mattei-Albizu* v. *United States,* 549 U.S. 1313 (2007). However, "no material conflict exists where the defendant is on notice that he is subject to the terms included in the written judgment." *Id.*

Here the defendant had ample notice of the CPSL portion of the joint recommendation and reason to understand that he was subject to CPSL as part of his sentence. A fair reading of the plea colloquy and hearing makes this clear. The judge accepted the joint recommendation of the parties that included CPSL. The prosecutor informed the judge, with both the defendant and his attorney present, that "lifetime parole" was part of the recommended sentence. When asked by the judge if he had heard the joint recommendation, the defendant said that he had.[12] See *Commonwealth* v. *Hiskin,* 68 Mass. App. Ct. 633, 639 (2007). Also, immediately after the judge imposed the sentence, defense counsel stated that the defendant would "obviously" be subject to CPSL and that one of the defendant's

[11]This right derives from both the confrontation clause of the Sixth Amendment to the United States Constitution and the due process clause of the Fifth Amendment to the United States Constitution. See *United States* v. *Melendez-Santana,* 353 F.3d 93, 99-100 (1st Cir. 2003), overruled on other grounds by *United States* v. *Padilla,* 415 F.3d 211, 214-215 (1st Cir. 2005). Under Massachusetts law, "our decisions make it clear that there is a common law right to be present at trial, including sentence." *Katz* v. *Commonwealth,* 379 Mass. 305, 315 (1979). See Mass. R. Crim. P. 18 (a), 378 Mass. 887 (1979) (criminal defendants have right to be present at "critical stages of the proceedings").

[12]During the colloquy, defense counsel confirmed that he had reviewed the penalty with the defendant, and the defendant has not included in the record any affidavit from defense counsel to the contrary. See *Commonwealth* v. *Thurston,* 53 Mass. App. Ct. 548, 553-554 (2002), and cases cited.

"incredibly significant concerns" was his inability to pay the fees associated with CPSL. In response, the judge orally waived the global positioning system monitoring fees and counselling fees associated with CPSL. The defendant's concerns over such fees further indicate that he was aware that CPSL was part of his sentence.[13]

Accordingly, given the circumstances, although CPSL was not imposed in open court, there exists no conflict that is material between the sentence orally imposed and that memorialized on the docket. Because CPSL was properly imposed in the first instance, it remains available to the judge at his discretion on resentencing.

3. *Conclusion.* The defendant's sentence is vacated, and the matter is remanded to the Superior Court for resentencing consistent with this opinion.

*So ordered.*

---

[13]Rule 12 (c) (3) (B) of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1511 (2004), specifically requires that, "where appropriate," the judge "inform the defendant on the record, in open court" of "the possibility of community parole supervision for life." Here, in violation of the technical requirements of the rule, the judge did not, himself, expressly inform the defendant of the possibility of CPSL. Although "[r]ule 12 should, of course, be followed faithfully, . . . it is not every omission of a particular from the protocol of the rule that entitles a defendant at some later stage to negate his plea and claim a trial." *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 495 (1985). Even assuming error, the record leaves no doubt that the defendant was well aware that the agreed-to disposition included CPSL.