NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-663                                           Appeals Court


COMMONWEALTH  vs.  MICHAEL C. GRUNDMAN.


No. 15-P-663.

Barnstable.     June 9, 2016. - October 5, 2016.

Present:  Carhart, Maldonado, & Henry, JJ.


Sex Offender.  Global Positioning System Device.  Practice,
    Criminal, Probation, Sentence, Double jeopardy.



Indictments found and returned in the Superior Court
Department on October 19, 2012.

A motion to correct a clerical error in sentence, filed
September 24, 2014, was heard by Gary A. Nickerson, J., and
motions for reconsideration were considered by him.


Andrew S. Crouch for the defendant.
Elizabeth A. Sweeney, Assistant District Attorney, for the
Commonwealth.


HENRY, J.  The defendant pleaded guilty to five counts of

rape of a child involving two children, in violation of G. L.

c. 265, § 23.  He was sentenced to two years committed in a

house of correction, and a probationary term of ten years

commencing concurrently with the committed sentence.  The

sentencing judge imposed conditions of probation, including global positioning system (GPS) monitoring as mandated for this offense by G. L. c. 265, § 47, on the sentencing checklist.  See Commonwealth v. Guzman, 469 Mass. 492, 493 (2014) (Section 47 "affords a sentencing judge no discretion whether to impose GPS monitoring on a defendant sentenced, as here, to a probationary term for an enumerated offense").  The docket reflected this sentence as well.  However, the clerk did not read that GPS monitoring was a condition of probation aloud in open court.  The clerk did read every other condition of probation during the oral sentencing, fifteen in total.  The written conditions of probation signed by the defendant on the day of sentencing did include the GPS monitoring as a term of probation.

Nearly one year after the imposition of his sentence, the defendant sought to "correct" what the defendant characterized as a "clerical error" in his sentence, pursuant to Mass.R.Civ.P. 42, as amended, 423 Mass. 1406 (1996), to remove the GPS monitoring condition.  The matter is especially significant to the defendant because he aspires to become a commercial diver and that career is not compatible with GPS monitoring.  After a hearing, the defendant's motion was denied, and the judge noted that the failure to orally impose GPS monitoring was an inadvertent error.  The judge ordered the defendant to appear in court for a correct reading of his sentence on the record.  The

defendant filed two motions for reconsideration that also were denied.

On appeal, the defendant challenges the GPS monitoring on grounds that the sentencing judge lacked authority to add the GPS monitoring condition, its imposition violated double jeopardy principles, and the defendant did not receive actual notice of the GPS monitoring condition from the court.  We affirm.

Background.  Pursuant to a plea agreement on September 23, 2013, the defendant pleaded guilty to five counts of rape of a child involving two children, in violation of G. L. c. 265, § 23.[1]  At the time of the offenses the defendant was twenty years old and a lifeguard at a community pool.  The victims were two fourteen year olds.  The Commonwealth and the defendant agreed to a sentencing recommendation of two years committed in a house of correction, followed by a probationary term of ten years.[2]  During the plea colloquy there was no mention of GPS monitoring as a condition of probation.

---

[1] Prior to the defendant's plea colloquy, the Commonwealth entered nolle prosequis for five counts of rape of a child, two counts of dissemination of harmful matter to a minor, and two counts of open and gross lewdness.  On the day of the colloquy, the Commonwealth entered nolle prosequis for two counts of rape of a child and one count of witness intimidation.

[2] There is conflicting material as to whether the sentence was a joint recommendation or the Commonwealth's recommendation.

The sentencing hearing was held on November 25, 2013, before the same judge. No overt discussion of GPS monitoring occurred at the sentencing. In arguing in favor of the joint recommendation, the Commonwealth contended that the long period of probation would provide time for supervision. Defense counsel argued for a more lenient sentence than the joint recommendation, suggesting that the defendant could be sufficiently punished through his served term of incarceration, followed by a:

> "probationary term of five years with special conditions and the typical special conditions, and a stay-away from the victims, both of them and their families; and that he stay away from Sandwich High School; that he engage in counseling, including sex offender counseling and treatment as deemed appropriate by the probation department. And also, that he remain employed or enrolled as a full-time student at a college or vocational educational program."[3]

Defense counsel acknowledged that the defendant was subjected to GPS monitoring while he was on bail; and the defendant was aware that he would be required to register as a sex offender for the

---

However, this determination is unnecessary as it does not affect our review of the plea sentencing or the terms of probation.

[3] Although defense counsel requested that the defendant's sentence include "special conditions and the typical special conditions," defense counsel informed the judge, during the September 29, 2014, motion hearing that he was unaware of the GPS requirement in § 47 and did not inform the defendant of this condition prior to his sentencing. As such, the defendant's sentencing recommendation could not serve as proper notice for the imposition of this condition.

rest of his life and, as such, would affect "[his] employment possibilities."

The judge sentenced the defendant to a two-year period of incarceration[4] and a ten-year term of probation, to run concurrently with the committed portion of the sentence.[5] Notwithstanding the requirements of G. L. c. 265, § 47, GPS monitoring was not orally stated as part of the defendant's sentence. However, the sentence specifically articulated: "[T]he [c]ourt places you on probation, ten years, said probation to run concurrently with the sentences imposed in [c]ount [one] of [indictment] 136-01 and [c]ount [one] of [indictment] 136-02, subject to the terms and conditions of the probation department, with the following special conditions" (emphasis supplied). The clerk then read the sentence and every special condition of probation except the provision requiring GPS monitoring.[6]

---

[4] The defendant was sentenced on count one of indictment 2012-136-01, rape of a child; and on count one of indictment 2012-136-02, rape of a child; two years concurrently on each count, to be served in a house of correction.

[5] The defendant was sentenced to ten-year probationary terms to run concurrently for count two of indictment 2012-136-01, and counts two and three of indictment 2012-136-02.

[6] Those conditions included orders directing the defendant to: (1) enroll in sexual abuse perpetrator counseling; (2) have no contact with the victims or their families and to stay away from Sandwich High School and other schools; (3) abstain from living with children who are not his own; (4) have no contact

On the day of the sentencing hearing, the defendant signed the acknowledgment of his probation order, which delineated the terms and conditions of his probation.[7] This probation check-off sheet stated, within the special conditions of probation section, under the sex offender registration heading:

> "You shall register with the Sex Offender Registry Board and local police in accordance with G. L. c. 6, § 178E, shall wear a GPS or comparable device in accordance with G. L. c. 265, § 47, shall abide by the geographic exclusion zones established by the Commissioner of Probation, and shall pay the required fees unless waived by the [c]ourt" (emphasis supplied).

---

with minor children without the supervision of an appropriate adult caretaker approved by the court or the probation department; (5) not harass the victims or their families; (6) not be employed where he could have regular contact with minor children; (7) not perform any volunteer activities that place him in contact with minor children; (8) reimburse the victims for any out-of-pocket expenses resulting from his offense; (9) abstain from using alcohol or any illicit drugs; (10) submit to random breathalyzer tests and urine screens; (11) maintain full-time employment, job training, or employment search activities or education; (12) report to the probation department within forty-eight hours of release; and (13) assessment of fees. The defendant was notified of his obligations to (1) provide a deoxyribonucleic acid (DNA) sample within one year; and (2) register as a sex offender.

[7] In signing his acknowledgment of the order of probation, the defendant averred that:

> "I have read and understand the conditions of probation, and I agree to obey them. I understand that if I violate any of these conditions, I may be arrested or ordered to appear in court, the conditions of my probation may be changed, the term of my probation may be extended, my probation may be revoked, and I may be incarcerated. I have received a copy of this order."

The GPS monitoring condition also was included in the docket entry, dated November 25, 2013, which listed the defendant's sentence.

The defendant filed a motion to revise and revoke his sentence, pursuant to Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), on January 23, 2014, offering additional mitigating information regarding the defendant's mental health, but he failed to raise the question of GPS monitoring. The motion judge, who was also the plea and sentencing judge, denied the motion on March 11, 2014.[8]

On September 24, 2014, the defendant moved to correct a "clerical mistake," pursuant to Mass.R.Civ.P. 42, as amended, 423 Mass. 1406 (1996), asserting that the imposition of the GPS monitoring condition of his probation was in error, as this condition was not imposed orally during the defendant's sentencing hearing. The judge denied the defendant's motion on September 26, 2014, and directed the defendant to appear in court for "the corrected reading of the sentence on the record." That same day, the defendant filed a motion for postconviction relief.

---

[8] The judge explained that "[t]he [c]ourt was well aware of the nature and extent of the defendant[']s mental health issues at the time of sentencing. The attached materials do not warrant a change in sentence." The defendant did not appeal the denial of this motion.

During the hearing on the defendant's motion for postconviction relief, defense counsel stated that he did not believe that G. L. c. 265, § 47, requires GPS monitoring as a probation condition for the defendant's convictions and, similarly, the defendant was not aware of the requirement, as it was not expressly stated during the sentencing hearing. Defense counsel argued that the defendant should not be subject to GPS monitoring because he had already served his committed sentence and hoped to become a commercial diver after his term of parole.[9] The judge explained that G. L. c. 265, § 47, mandates such monitoring and ordered the defendant to be resentenced, to include the GPS monitoring probation condition on the record. Defense counsel did not object to the resentencing or the oral pronouncement.[10]

The defendant filed a motion for reconsideration, pursuant to Mass.R.Crim.P. 30(a), as appearing in 435 Mass. 1501 (2001), on October 28, 2014. In support of this motion, the defendant

---

[9] Counsel represented that the defendant would not be able to work as a commercial diver if he were obligated to wear the GPS monitoring equipment, because the water would render the equipment inoperable.

[10] The oral resentencing pronouncement inadvertently sentenced the defendant to probation to run "from and after the committed sentences," rather than concurrently, as originally ordered by the judge. That mistake was a subject of the defendant's motion for reconsideration filed on October 28, 2014, and was subsequently corrected in the January 20, 2015, memorandum and order.

offered an affidavit from his counsel at the sentencing hearing confirming that he had not discussed GPS monitoring with the defendant and that counsel "was not aware GPS monitoring would be required as part of [the defendant's] probationary sentence." The judge denied the defendant's motion on January 20, 2015, with respect to the GPS monitoring condition, and denied the defendant's second motion to reconsider on April 3, 2015.  This appeal followed.

Discussion.  "A criminal defendant has the right to be present at his own sentencing."  Commonwealth v. Williamson, 462 Mass. 676, 685 (2012), quoting from United States v. Vega-Ortiz, 425 F.3d 20, 22 (1st Cir. 2005).  "Consistent with [the] right [to be present at sentencing], the oral pronouncement of a sentence generally controls over the written expression where there exists a 'material conflict' between the two."  Ibid., quoting from United States v. Ortiz-Torres, 449 F.3d 61, 74 (1st Cir.), cert. denied sub nom. Cosme-Piri v. United States, 549 U.S. 941 (2006), cert. denied sub nom. Torres-Santiago v. United States, 549 U.S. 967 (2006), and cert. denied sub nom. Mattei-Albizu v. United States, 549 U.S. 1313 (2007).  The Supreme Judicial Court has addressed an error in sentencing such as the one here in two recent cases:  Commonwealth v. Selavka, 469 Mass. 502 (2014), and Williamson, supra.

The defendant argues that <u>Selavka</u> controls.  There, as here, the defendant's oral sentence was illegal for its failure to include GPS monitoring as required by G. L. c.  265, § 47.  In that case, after the defendant had completed his committed sentence, the Commonwealth filed a motion for GPS monitoring of the defendant, which was allowed.  Selavka appealed.  See <u>Selavka</u>, <u>supra</u> at 503.

The Supreme Judicial Court, in reviewing the legality of the addition of the GPS monitoring, recognized that the Commonwealth and sentencing judge must have a mechanism to correct an illegal sentence and set a time limit of sixty days to act.[11]  See <u>id</u>. at 508.  Within that timeframe, "a sentence remains conditional rather than final in nature."  <u>Ibid</u>.  Although a judge is empowered to correct an illegal or incorrect sentence,[12] "even an illegal sentence will, with the passage of

---

[11] Under Mass.R.Crim.P. 29(a), <u>supra</u>, "[t]he trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence . . . may upon such terms and conditions as he shall order, revise and revoke such a sentence if it appears that justice may have not have been done."  In <u>Selavka</u>, the Supreme Judicial Court provided an equal time for the Commonwealth to seek correction of an illegal sentence, because under rule 29(a), "a sentence remains conditional rather than final in nature," and will "reasonably balance[] the defendant's interest in finality against society's interest in law enforcement."  <u>Selavka</u>, <u>supra</u> at 508, quoting from <u>Aldoupolis</u> v. <u>Commonwealth</u>, 386 Mass. 260, 275 (1982).

[12] See <u>Selavka</u>, <u>supra</u> at 505, quoting from <u>Goetzendanner</u> v. <u>Superintendent, Mass. Correctional Inst., Norfolk</u>, 71 Mass. App.

time, acquire a finality that bars further punitive charges detrimental to the defendant." Id. at 509. Because the sentence correction in Selavka occurred outside that sixty-day period, the court considered and concluded that the belated imposition of GPS monitoring violated the principle of finality and constituted impermissible multiple punishment in violation of double jeopardy protections. See id. at 514.

In reaching this conclusion, the court specifically rejected the Commonwealth's argument that G. L. c. 265, § 47, operates automatically. The court specifically stated:

> "The GPS monitoring mandated by G. L. c. 265, section 47, is not like other conditions of probation that a sentencing judge need not always articulate. . . . Unlike those routine conditions, which include compliance with all laws and orders of the court, contact with the probation officer at his request, and reasonable efforts to obtain and maintain employment, the imposition of GPS monitoring is singularly punitive in effect. See Commonwealth v. Cory, 454 Mass. 559, 568-569 (2009). For this reason, a defendant must receive actual notice from the sentencing judge that his probation will be conditioned on such a harsh requirement."

Id. at 505 n.5.

The other relevant case is Williamson. In that case, the defendant was sentenced to one year of incarceration in open court. See Williamson, 462 Mass. at 679. Thereafter, a community parole supervision for life (CPSL) condition was entered on the docket. Ibid. The defendant moved to vacate the

_____

Ct. 533, 537 (1985) ("illegal sentence is one that is 'in some way contrary to the applicable statute'").

CPSL condition. Ibid. The motion judge, who was the same judge who heard the defendant's plea, denied the motion under the mistaken belief that the CPSL condition was mandatory. Ibid. The Supreme Judicial Court held that the CPSL condition was not mandatory and remanded for resentencing. Id. at 683-384. The court rejected the defendant's argument that CPSL could not be added to his sentence, reasoning that although the sentencing judge did not include CPSL in the oral sentence, the defendant had prior notice of the condition, as CPSL was part of the joint sentencing recommendation and both the Commonwealth and plea counsel explicitly mentioned the imposition of CPSL. Id. at 685-686. Additionally, the defendant expressed his concern about the cost of CPSL monitoring to the sentencing judge after the imposition of his sentence. Ibid. "Accordingly, given the circumstances, although [GPS monitoring] was not imposed in open court, there exists no conflict that is material between the sentence orally imposed and that memorialized on the docket." Id. at 686.

The factual scenario here falls between Williamson and Selavka. In all three cases, the condition of probation at issue was not expressly stated by the judge or clerk during the sentencing hearing. In Williamson, both counsel discussed the probation term at issue in front of the defendant during sentencing, which did not happen in this case. However, here

the motion judge found that the defendant had actual notice of the GPS monitoring condition because the oral pronouncement of his sentence expressly stated that the defendant's probationary term was "subject to the terms and conditions of the probation department."  That same day as the sentencing, the defendant signed his acknowledgment of the conditions of probation, which included mandatory GPS monitoring within the terms and conditions of the defendant's probation.  The defendant averred that he read and understood the probation terms and that he received a copy.  This fact sets the case apart from Selavka, where the defendant's written probation order did not mention GPS monitoring.  See Selavka, supra at 503-504.  Because we agree that the defendant received notice that his sentence was subject to the conditions of the probation department, and through the written probation conditions that included contemporaneous notice of GPS monitoring, we conclude that "there exists no conflict that is material between the sentence orally imposed and that memorialized in the docket" and the GPS condition "was properly imposed in the first instance." Williamson, supra at 686.  As a result, double jeopardy was not violated.  Nor was the sixty-day limit to change a sentence under rule 29(a) violated.[13]

---

[13] To be sure, the best practice is to state the condition of GPS monitoring explicitly during the reading of the sentence.

Significantly, the defendant did not object to the GPS monitoring condition when he received and signed his terms of probation, nor did he object to the condition during his resentencing hearing.[14] Moreover, the defendant filed a motion to revise and revoke his plea within sixty days of his sentencing hearing, but failed to challenge the imposition of GPS monitoring at that time.

Conclusion. The order denying the defendant's motion to correct clerical mistake is affirmed. The orders denying defendant's motions for reconsideration are affirmed.[15]

So ordered.

---

See Selavka, supra at 505 n.5.

[14] The addition of GPS monitoring does not violate Federal law. See e.g., Thompson v. United States, 495 F.2d 1304, 1306 (1st Cir. 1974) ("a trial court not only can alter a statutorily-invalid sentence in a way which might increase its severity, but must do so when the statute so provides"); Ortiz-Torres, 449 F.3d at 74 ("no material conflict exists where the defendant is on notice that he is subject to the terms included in the written judgment"). See also Bozza v. United States, 330 U.S. 160, 166, 167 (1947) ("sentence, as corrected, imposes a valid punishment"). Also, "if the original sentence was erroneous, the Constitution contains no general rule prohibiting a court from finding that sentence erroneous and holding that a sentence of greater length was required by law." Espinoza v. Sabol, 558 F.3d 83, 87 (1st Cir. 2009).

[15] In light of our disposition, we do not reach the Commonwealth's argument that the defendant's motions seeking to remove a probation condition was essentially a motion to resentence and remove a condition, thereby opening the sentence for restructuring.