NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReportersjc.state.ma.us

SJC-12264

COMMONWEALTH vs. MICHAEL C. GRUNDMAN.


Barnstable.     November 9, 2017. - March 22, 2018.

Present:  Gants, C.J., Gaziano, Lowy, & Budd, JJ.


Sex Offender.  Global Positioning System Device.  Practice,
    Criminal, Sentence, Probation.



Indictments found and returned in the Superior Court
Department on October 19, 2012.

A motion to correct a clerical error in sentence, filed on
September 24, 2014, was heard by Gary A. Nickerson, J., and
motions for reconsideration were considered by him.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


Andrew S. Crouch for the defendant.
Elizabeth M. Carey, Assistant District Attorney, for the
Commonwealth.


LOWY, J.  The defendant pleaded guilty to two indictments

charging five counts of rape of a child and was sentenced to a

term of incarceration and a term of probation.  Despite the

provisions of G. L. c. 265, § 47, mandating that defendants

convicted of certain sex offenses, including rape of a child, be subject to global positioning system (GPS) monitoring as a condition of any term of probation, that condition was not announced in open court when the defendant's sentence was imposed.[1]  At issue here is whether the judge erred in resentencing the defendant to include the GPS monitoring condition approximately ten months after the defendant was originally sentenced.  We conclude that because the defendant here did not receive actual notice from the sentencing judge, at the time of sentencing, that GPS monitoring was included as a special condition of his probation, and because the resentencing occurred after the sixty-day period in which an illegal sentence may be corrected under Mass. R. Crim. P. 29 (a) (1), as appearing in 474 Mass. 1503 (2016), the belated imposition of GPS monitoring must be vacated.  See Commonwealth v. Selavka, 469 Mass. 502, 513-514 (2014).

Background.  Following a plea colloquy, the defendant pleaded guilty to five counts of rape of a child, involving two victims.  The defendant's sentencing hearing occurred approximately two months later, when a Superior Court judge

---

[1] General Laws c. 265, § 47, states that any person who is "placed on probation for any offense listed within the definition of 'sex offense,' a 'sex offense involving a child' or a 'sexually violent offense,' as defined in [G. L. c. 6, § 178C], shall, as a requirement of any term of probation, wear a global positioning system device."

sentenced him to a term of two years in a house of correction and a ten-year term of probation (with special conditions) to be served concurrently with his term of incarceration. In open court, the clerk announced that the defendant's sentence would be "subject to the terms and conditions of the probation department," with certain special conditions. The clerk then announced approximately fifteen special conditions of the defendant's probation including that he register as a sex offender, complete sexual abuse perpetrator counselling, and have no contact with the victims or their families. However, the clerk did not articulate that GPS monitoring was a special condition of the defendant's probation. Similarly, neither the judge nor the parties had mentioned a GPS monitoring condition during the sentencing hearing or the plea colloquy, and it was not included in the Commonwealth's recommended sentence.

Shortly after sentencing, the defendant signed a probation contract stating that he was required to "wear a GPS or comparable device in accordance with G. L. c. 265, § 47." The probation contract was signed by a Superior Court judge different from the judge who sentenced the defendant. That judge's signature was dated two days after the defendant's sentencing hearing. The GPS monitoring condition was also memorialized on the docket.

Approximately ten months after the defendant's sentence was imposed, he filed a motion to remove the GPS monitoring condition from the docket, claiming it had been erroneously entered. Although the condition had not been announced at sentencing, the judge determined that he could correct this mistake because the defendant's guilty plea to the rape of a child was subject to mandatory GPS monitoring as a condition of probation under § 47. The judge then resentenced the defendant to include GPS monitoring as a special condition of probation. The defendant filed a motion for reconsideration, which the judge denied, concluding that the defendant had actual notice of the condition because he signed the probation contract contemporaneously with the sentencing hearing, in addition to the fact that GPS monitoring is statutorily mandated for the crime of rape of a child.

The defendant again moved for reconsideration, this time supported by an affidavit from his plea counsel stating that counsel was unaware that § 47 mandated GPS monitoring in the defendant's circumstances, and that he had not discussed GPS monitoring as a probationary condition with the defendant. Additionally, counsel was not present with the defendant when he signed the probation contract, which likely occurred after the sentencing hearing, while the defendant was in custody. The judge denied this motion. The defendant appealed, and the

Appeals Court affirmed the decision of the sentencing judge. See Commonwealth v. Grundman, 90 Mass. App. Ct. 403, 404 (2016). We granted the defendant's application for further appellate review.

Discussion. The defendant acknowledges in his brief that because he pleaded guilty to the rape of a child, § 47 required that his probation include GPS monitoring. Nevertheless, the defendant contends that because the judge failed to announce the GPS monitoring condition, and the defendant did not have actual notice of that condition at sentencing, the judge erred in resentencing him to include the GPS monitoring condition after his sentence became final.[2] We agree.

"A criminal defendant has the right to be present at his own sentencing." Commonwealth v. Williamson, 462 Mass. 676, 685 (2012), quoting United States v. Vega-Ortiz, 425 F.3d 20, 22 (1st Cir. 2005). In accordance with this right, "the oral pronouncement of a sentence [at the sentencing hearing] generally controls over the written expression where there exists a material conflict between the two" (quotation and citation omitted). Williamson, supra. "However, no material conflict exists where the defendant is on notice that he is

---

[2] Given that clerks are authorized to announce a defendant's sentence in court, in the presence of the sentencing judge, the clerk's announcement of the defendant's sentence would constitute actual notice of the terms that were announced.

subject to the terms included in the written judgment" (quotation and citation omitted). Id.

Because "the imposition of GPS monitoring is singularly punitive in effect. . . . a defendant must receive actual notice from the sentencing judge that his probation will be conditioned on such a harsh requirement." Selavka, 469 Mass. at 505 n.5, citing Commonwealth v. Cory, 454 Mass. 559, 568-569 (2009). See Commonwealth v. Pacheco, 477 Mass. 206, 215 (2017) (sentence invalid unless defendant receives notice of its terms when sentence imposed). Actual notice of GPS monitoring at sentencing is particularly important for a defendant who has tendered a guilty plea because, at the sentencing hearing, the defendant is still entitled to withdraw the guilty plea if the judge decides to impose a sentence that exceeds the recommended or agreed-on sentence. See Selavka, supra at 514-515 (defendant may plead guilty to achieve measure of certainty in sentence); Mass. R. Crim. P. 12 (c) (6) (B), as appearing in 470 Mass. 1501 (2015). Notice that the defendant's probation includes GPS monitoring, at some point after the defendant's sentence has been imposed and after he has lost the opportunity to withdraw the plea, is insufficient. See Selavka, supra at 515.

Even though § 47 mandates GPS monitoring, the judge's duty to announce that condition at sentencing is not obviated. Selavka, 469 Mass. at 505 n.5 (unlike ordinary probationary

conditions, judge must articulate GPS monitoring). Where the judge fails to announce this condition despite the statutory mandate, the defendant's sentence is illegal "insofar as it did not include GPS monitoring as a condition of the defendant's probation." Id. at 503.[3]

This type of illegal sentence may be corrected under Mass. R. Crim. P. 29 (a) (1) by resentencing the defendant to include the GPS monitoring condition within sixty days from when the sentence was imposed. See Selavka, 469 Mass. at 513-514. Where the modification is "so punitive as to increase significantly the severity of the original probation. . . . our common-law principles of double jeopardy bar the imposition of what is essentially a new, harsher sentence once the rule 29 period has expired" (quotations and citation omitted). Id. at 511. For that reason, "[e]ven an illegal sentence will become final for the purposes of double jeopardy after the expiration of that time period, and no longer will be subject to revision or revocation within the terms of rule 29 (a)." Id. at 514.

Here, the record is devoid of evidence indicating that the defendant had actual notice of the GPS monitoring condition of

---

[3] The fact that the defendant's sentence was illegal because it did not include global positioning system (GPS) monitoring as a special condition of probation (as required by the statute) does not affect the legitimacy of the special conditions of the defendant's probation that were announced at sentencing or his term of incarceration.

probation when he was sentenced.  Contrast Williamson, 462 Mass. at 685-686 (ample notice at sentencing hearing that probation included community parole supervision for life).  GPS monitoring was never discussed as a condition of probation during the plea colloquy or announced in open court at the sentencing hearing. When the defendant's sentence was announced, the statement that his sentence was "subject to the terms and conditions of the probation department, with the following special conditions," gave notice of the special conditions that were specifically articulated in addition to the general conditions applicable to all terms of probation.  See Selavka, 469 Mass. at 505 n.5, citing Rule 56 of the Rules of the Superior Court (2012). Accordingly, the general statement that his sentence was "subject to the terms and conditions of the probation department" did not satisfy the requirement that GPS monitoring be specifically articulated at sentencing.  See id.  The Commonwealth's recommended sentence, which the judge accepted, also did not include the GPS monitoring condition.  Moreover, the affidavit from the defendant's plea counsel stated that counsel was unaware that GPS monitoring was a mandated condition of probation under § 47 in these circumstances, and that he had never discussed it with the defendant.

In addition, the sentencing judge's determination that the defendant had actual notice of the GPS monitoring condition

based on his contemporaneous signing of the probation contract, which was recorded on the docket, is misplaced.  To the extent that the probation contract gave the defendant notice of the GPS monitoring condition, that notice was given by the probation department, not the trial judge, after the defendant's sentence was imposed.  Notice occurring shortly after the sentencing hearing, standing alone, is inadequate to satisfy the requirement that the defendant receive actual notice of the GPS monitoring condition from the sentencing judge at the time his sentence is imposed, where oral pronouncement of the sentence in open court is required.  See Selavka, 469 Mass. at 505 n.5; Williamson, 462 Mass. at 685.  Accordingly, the judge exceeded his authority in imposing the GPS monitoring condition on the defendant after the passage of the sixty-day deadline to correct the sentence under rule 29 (a)(1).  See Selavka, supra at 513-514.

Conclusion.  The denial of the defendant's motion is reversed, and the matter is remanded to the Superior Court to vacate the GPS monitoring condition of the defendant's probation from the docket.

So ordered.