In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 18-3171

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHRISTOPHER ANSTICE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:18-cr-50 — **William M. Conley**, *Judge.*

_____

ARGUED MAY 22, 2019 — DECIDED JULY 19, 2019

_____

Before HAMILTON, SCUDDER, and ST. EVE, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Christopher Anstice pleaded guilty to conspiring to distribute methamphetamine and was sentenced to ten years' imprisonment and five years' supervised release. On appeal he challenges five conditions of supervised release appearing in the written judgment of conviction that the district court did not announce orally at sentencing. Because three of these challenged conditions are

mandated by federal statute and two are discretionary, we affirm in part and otherwise remand.

**I**

Prior to sentencing the probation office prepared a Presentence Investigation Report, commonly referred to as a PSR. The PSR recommend a five-year term of supervised release and included a proposed plan listing multiple conditions. Five conditions appeared under the label "mandatory." The PSR also recommended a dozen or so discretionary conditions, categorized as either standard or special conditions.

Sentencing began with the district court confirming with Anstice that he had received the PSR and reviewed it with his counsel. After announcing Anstice's ten-year custodial sentence, the court turned to supervised release, explaining that the law required a five-year term. See 21 U.S.C. § 841(b). As for the conditions of supervised release, the district judge imposed all but one of the standard and special conditions, stating: "I do adopt Condition Nos. 1 through 10 [the standard conditions], and 12 through 14 [the special conditions], as proposed and justified in the presentence report." At no point, though, did the court address the five conditions the PSR categorized as "mandatory."

The ensuing written judgment, often shorthanded in federal criminal practice as the "J&C" (Judgment and Commitment Order), included the five supervised release conditions that appeared as "mandatory" in the PSR. The J&C included these five conditions under the heading "Statutory Mandatory Conditions." The J&C separately listed the standard and special conditions that the court had announced orally at sentencing.

On appeal Anstice contends that the five conditions appearing as "Statutory Mandatory Conditions" in the written judgment were not orally imposed at sentencing and therefore are not part of his sentence.

## II

We start from the familiar rule that "[i]f an inconsistency exists between an oral and the later written sentence, the sentence pronounced from the bench controls." *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005) (quoting *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998)). And "any new conditions imposed in the later written judgment are inconsistent with the court's oral order and must be vacated." *United States v. Johnson*, 765 F.3d 702, 711 (7th Cir. 2014). *Johnson* provides a good example. The sentencing court there "unambiguously announced several specific conditions of supervised release" and "did not include any statement as to whether other standard conditions would apply," leading us to vacate the additional discretionary conditions that appeared only in the written judgment. *Id.*

While our caselaw is clear that the oral sentence controls, we have never addressed whether the district court's failure to announce conditions of supervised release made mandatory by statute—as opposed to non-mandatory conditions—renders those conditions nullities. This case presents that question.

While the district court's written judgment characterized and listed each of the five conditions Anstice challenges as "Statutory Mandatory Conditions" it turns out that two of those conditions are neither statutory nor mandatory. Those two conditions—the requirement for Anstice to report to the

probation office within 72 hours of his release and the prohibition on his possessing a firearm, destructive device, or other dangerous weapon—do not appear as mandatory conditions in 18 U.S.C. § 3583(d). Nor are we aware of any other source of law requiring the imposition of these two conditions.

Resolving this appeal therefore requires that we distinguish between these two conditions—which are not required by statute—and the three other conditions included under the heading "Statutory Mandatory Conditions" in the written judgment. The latter three conditions do appear in § 3583(d) and thus are truly mandatory.

## A

We begin with the three conditions required by § 3583(d) and properly characterized as mandatory in the written judgment. Those conditions (1) prohibit Anstice from committing another federal, state, or local crime; (2) bar him from illegally possessing a controlled substance; and (3) require his cooperation with the collection of a DNA sample.

That these three conditions are statutorily required is important. It means that the sentencing court had no discretion regarding whether to impose them: they must be part of any term of supervised release. And, like all federal criminal defendants, Anstice had notice he was subject to these mandatory conditions because they appear in § 3583(d). They were also included in the PSR, which Anstice confirmed at sentencing he had received and reviewed with his counsel.

In these circumstances, we conclude that the three conditions of supervised release mandated by § 3583(d) were validly part of Anstice's sentence even though the district court failed to announce them orally at sentencing. No circuit to

have considered this question has reached a contrary conclusion. See, *e.g.*, *United States v. Vasquez-Puente*, 922 F.3d 700, 705 (5th Cir. 2019); *United States v. Drapeau*, 644 F.3d 646, 656 (8th Cir. 2011); *United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006); *United States v. Vega-Ortiz*, 425 F.3d 20, 22–23 (1st Cir. 2005).

B

This brings us to the remaining two conditions of supervised release appearing as "Statutory Mandatory Conditions" in the written judgment. This listing was erroneous, as neither condition—that Anstice (1) report to the probation office within 72 hours of his release and (2) refrain from possessing a firearm, destructive device, or other dangerous weapon—appears in § 3583(d). Nor are they described as mandated by statute in the Sentencing Guidelines. See U.S.S.G. § 5D1.3(a). In short, these two conditions are discretionary.

As commonplace and sensible as these two conditions may be across federal sentences, Congress has not mandated their imposition. If a district court does choose to impose them, they must be announced at sentencing. See *Johnson*, 765 F.3d at 711. That did not happen here. To the contrary, the district court announced several other discretionary conditions of supervised release at Anstice's sentencing hearing without saying anything about these two conditions. So we have a circumstance where the oral sentence conflicts with the written sentence and therefore must vacate these two conditions. See *id.* The district court has ample authority to impose these conditions on remand. See *id.*; 18 U.S.C. § 3583(e)(2).

C

With today's decision, we emphasize that the sound and prudent approach is for the district court to orally pronounce all conditions of supervised release, even those mandated by statute. In recognizing that certain conditions are required by § 3583(d) and therefore necessarily part of any term of supervised release, we do not intend to displace this practice, which serves to confirm that the defendant is aware of the conditions to which he will be subject on supervised release.

We end with an administrative observation regarding the written supervised release form contained in the standard-form J&C (form AO 245 B) used in the Western District of Wisconsin. The form erroneously includes as "Statutory Mandatory Conditions" two conditions highlighted in this opinion that are not required by § 3583(d)—specifically, the requirement for the defendant to report to the probation office within 72 hours of release from custody and the prohibition on a defendant possessing a firearm, destructive device, or other dangerous weapon while on supervised release. To allow the district court to modify the form and correct this error, we direct our Clerk of the Court to send this opinion to the Clerk for the Western District of Wisconsin.

For these reasons, we AFFIRM the district court's imposition of the conditions of supervised release mandated by § 3583(d), VACATE the non-mandatory additional conditions provided in the written judgment, and REMAND to allow the district court to modify and reconsider Anstice's sentence with respect to the two non-mandatory conditions of supervised release.