In the

# United States Court of Appeals

### For the Seventh Circuit

No. 20-1092

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEREMY W. STROBEL,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:19-cr-00074 — **James D. Peterson**, *Chief Judge.*

ARGUED NOVEMBER 4, 2020 — DECIDED FEBRUARY 12, 2021

Before EASTERBROOK, RIPPLE, and ROVNER, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Jeremy Strobel pleaded guilty to unlawful possession of a firearm. At his subsequent sentencing hearing, he raised no objections to the conditions of supervised release proposed in the presentence report and waived a full reading of those conditions. The district court nevertheless discussed some aspects of the conditions with Mr. Strobel. It then imposed explicitly the *term* of supervised release but neglected to impose explicitly the *condi-*

*tions* of supervised release. A short time after the hearing, the district court issued its written judgment, which included all the conditions of supervised release recommended by the presentence report.

Now, in an effort to permit the district court to revisit an *unrelated* aspect of his sentence, Mr. Strobel submits that the district court's failure to impose explicitly the conditions of supervised release during the sentencing hearing renders the written judgment inconsistent with the court's earlier oral pronouncement. That error, Mr. Strobel continues, requires the vacation of his sentence and permits a remand for a complete resentencing.

We see no impermissible inconsistency between the district court's oral pronouncement and its written judgment. We accordingly affirm Mr. Strobel's sentence.

# I

## BACKGROUND

In September 2018, local law enforcement officers in Ashland, Wisconsin, found Mr. Strobel passed out in his car on the side of the road. A subsequent search of Mr. Strobel's vehicle uncovered methamphetamine, and, consequently, resulted in state drug charges. In April 2019, Ashland police again found Mr. Strobel passed out in his car, this time in a Wal-Mart parking lot. A search of his car uncovered a firearm, in addition to marijuana and paraphernalia. At the time of this 2019 incident, Mr. Strobel was out on bail from his 2018 arrest. The Ashland County District Attorney's Office therefore charged him with bail jumping, as well as marijuana possession.

Before Mr. Strobel could resolve his state charges, a federal grand jury in the Western District of Wisconsin returned a one-count indictment against him. The federal indictment charged Mr. Strobel with violating 18 U.S.C. § 922(g)(1), the federal felon in possession of a firearm statute. In September 2019, Mr. Strobel pleaded guilty in the district court to the single § 922(g)(1) charge. A month later, Mr. Strobel reached a global resolution of the state charges against him that provided for a term of six years' imprisonment and for six years' supervised release.

In preparation for Mr. Strobel's federal sentencing hearing, the Probation Office prepared a Presentence Report ("PSR"). The Government and Mr. Strobel both objected to a part of the base offense level calculation, an issue immaterial to this appeal. Mr. Strobel also objected to a part of his criminal history calculation, also immaterial here. The Probation Office therefore filed a revised PSR, which we will refer to as the PSR, for simplicity. As part of the PSR, the Probation Office proposed a supervision plan that included three mandatory, twelve standard, and three special conditions of supervised release, as well as justifications for the standard and special conditions.[1] Neither Mr. Strobel nor the Government objected to any of the proposed conditions of supervised release.[2]

At Mr. Strobel's federal sentencing hearing, which took place after he was sentenced in state court, the district court calculated his advisory guidelines range as 30 to 37 months'

---

[1] R.21 at 32–36.

[2] R.22.

imprisonment. The main issue at the hearing was whether to run Mr. Strobel's federal sentence concurrent or consecutive to his six-year state sentence. After hearing from counsel and Mr. Strobel, the district court imposed a below-guidelines sentence of one year and one day, to run consecutive with Mr. Strobel's state sentence. The district court then, after noting the lack of objections to the term of supervised release recommended in the PSR, imposed a term of three years' supervised release.

The district court turned next to the conditions of Mr. Strobel's supervised release. Observing that neither party had objected to the conditions included in the PSR, the district court asked defense counsel whether he had "any concerns with th[e] conditions."[3] Defense counsel stated that he did not have any concerns. The district court then asked defense counsel whether he "[w]ould … like [the court] to read [the conditions]."[4] Defense counsel responded: "No, sir."[5]

Once the district court confirmed with defense counsel that no further justification for the conditions was necessary, the court addressed Mr. Strobel directly. The court assured Mr. Strobel that, if needed, it could adjust his conditions of supervised release by motion during his period of supervision.[6] The court also noted the mandatory drug testing con-

---

[3] Sent. Tr. at 29.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 30.

dition included in Mr. Strobel's PSR. The court, however, never imposed explicitly the conditions of supervised release proposed in the PSR.

The court then concluded Mr. Strobel's sentencing hearing by summarizing the sentence, imposing the mandatory $100 special assessment, waiving a fine, and informing Mr. Strobel of his appellate rights. When asked if there was "anything else [the court] need[ed] to address," both defense counsel and Government counsel answered that there was not.[7]

After the district court concluded the sentencing hearing, it issued a written judgment that included the fifteen standard and special conditions "that ha[d] been adopted by th[e] court."[8] Those conditions, in turn, matched the ones included in Mr. Strobel's PSR. Also included in the judgment were the three mandatory conditions included in the PSR and one mandatory condition that was not. The new condition provided: "If this judgment imposes a fine or a restitution obligation," then Mr. Strobel would be subject to a payment schedule.[9] Because the district court did not impose any fine, and restitution was inapplicable, the new mandatory condition had no bearing on Mr. Strobel.

After his federal sentencing hearing, Mr. Strobel learned that because his federal sentence was consecutive to his state sentence, it operated as a detainer while he served his state

---

[7] *Id.* at 32.

[8] R.30 at 3.

[9] *Id.*

sentence. As a result, Mr. Strobel cannot take advantage of certain programs offered in the Wisconsin state correctional system that would reduce significantly his period of state incarceration. Had the district court imposed the federal sentence concurrent to Mr. Strobel's state sentence, he would be eligible for release earlier than he is now because his federal sentence is consecutive.

Mr. Strobel timely filed this appeal seeking a resentencing. He does not, however, directly challenge the district court's decision to impose a consecutive sentence. Instead, he submits that because the district court never imposed explicitly any conditions of supervised release, its subsequent written judgment is inconsistent with its oral pronouncement of sentence. This inconsistency, Mr. Strobel contends, requires the vacation of his sentence and a remand for resentencing. Mr. Strobel asks us to structure the mandate to permit the district court to reconsider its decision to run his federal sentence consecutive to his state sentence.

## II

## DISCUSSION

The general principles governing our resolution of this case are well-established. "If an inconsistency exists between an oral and the later written sentence, the sentence pronounced from the bench controls." *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005) (quoting *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998)). But when there is no inconsistency, there is no need for us to upset the district court's sentence. We review de novo alleged claims that there is an inconsistency between a district court's oral pro-

nouncement of sentence and its written judgment.[10] *See United States v. Fisher*, 943 F.3d 809, 816 (7th Cir. 2019).

**A.**

In *United States v. Kappes*, 782 F.3d 828, 838 (7th Cir. 2015), we outlined "four general principles sentencing judges should consider when imposing conditions of supervised release." First, we noted the importance of advance notice to the defendant of the conditions under consideration. *Id.* Second, we stated that judges "need to justify the conditions and the length of the term at sentencing by an adequate statement of reasons, reasonably related to the applicable § 3553(a) factors." *Id.* at 839. Third, we highlighted the "goal of imposing only specific, appropriately-tailored conditions." *Id.* Finally, we emphasized "the requirement [that judges] orally pronounce all conditions, with the written judgment only clarifying the oral pronouncement in a manner that is not inconsistent with an unambiguous oral provision." *Id.* Mr. Strobel's challenge implicates the fourth principle; he does not suggest that he lacked advance notice of the conditions, nor does he contend that the conditions are overbroad or imposed without justification.

The oral pronouncement rule we outlined in *Kappes* prevents the sentencing court from imposing a condition of supervised release without affording the defendant a chance to object. *See United States v. Bloch*, 825 F.3d 862, 871–72 (7th Cir. 2016). A defendant can waive this oral pronouncement rule. *See id.* at 872. Indeed, when the defendant has an opportuni-

---

[10] The district court exercised its jurisdiction under 18 U.S.C. § 3231. We exercise ours under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

ty to review with counsel the proposed conditions of release and the justifications for them before the sentencing hearing, there is often little point in insisting on a full recitation of the conditions at the hearing. *Id.* at 872–73. In such a situation, and with a defendant's knowing and intelligent waiver, the sentencing court can incorporate by reference the conditions previously reviewed by the defendant at the sentencing hearing. A defendant's earlier review satisfies the principles we articulated in *Kappes*. *Id.* The court's subsequent written judgment, then, only needs to match the conditions it orally incorporated by reference during the sentencing hearing. *See id.*

Proceeding in this fashion does no violence to the basic rule that if a written judgment is inconsistent with the court's oral pronouncement of sentence, the oral pronouncement controls, and the written judgment "should be amended to reflect the oral sentence." *Fisher*, 943 F.3d at 816 (citing *Bonanno*, 146 F.3d at 511). As we pointed out explicitly in *Fisher*, not every difference between a written judgment and an oral pronouncement presents an inconsistency. *Id.* When the oral pronouncement of a condition of supervised release is ambiguous or broad, the written judgment sometimes can clarify the oral pronouncement.[11] *Id.* But when the

---

[11] Our cases exemplify the principle that not every difference is an inconsistency. In *United States v. Baker*, 755 F.3d 515, 522 (7th Cir. 2014), the district court's oral pronouncement required that the defendant make certain payments "as directed." The subsequent written judgment specified who could direct payments. *Id.* On appeal, we observed that the written order simply clarified the oral pronouncement; the two were not inconsistent. *Id.* at 528 n.2. Likewise, in *United States v. Fisher*, 943 F.3d 809, 816–17 (7th Cir. 2019), the district court's oral pronouncement in-

(continued … )

written judgment includes new conditions or conditions that are irreconcilable with the district court's unambiguous oral pronouncement, then we must vacate the written judgment.[12]

Mr. Strobel's submission is simple: the district court never imposed explicitly any conditions of supervised release during oral pronouncement, so all the conditions included in the written judgment are inconsistent with the oral pronouncement. Therefore, Mr. Strobel argues, we should vacate his sentence and remand for the district court to resentence him. And, if we are going to order resentencing based on the conflicting conditions, Mr. Strobel asks us also to al-

---

( … continued)

cluded a condition prohibiting the use of "psychoactive substances." In its written order, the district court included a parenthetical after the term "psychoactive substances," listing examples of such substances. *Id.* As in *Baker*, we said that the list of examples, although not included in the oral pronouncement, simply clarified an ambiguous term used in the oral pronouncement. *Id.*

[12] Our case law provides several examples of inconsistent written judgments. In *United States v. Johnson*, 765 F.3d 702, 710–11 (7th Cir. 2014), the district court unambiguously imposed several standard conditions during its oral pronouncement of sentence. When it issued the written judgment, however, the district court included several additional standard conditions that it had not included in its oral pronouncement. *Id.* at 711. Because those *additional* standard conditions appeared for the first time in the written judgment, we vacated the written judgment and ordered a limited remand. *Id.* Along the same lines, in *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005), we vacated a written judgment that imposed "immediate deportation," because that aspect of the written judgment was nowhere to be found in the district court's unambiguous oral pronouncement.

low the district court to reconsider its decision to run his federal sentence consecutive to his state sentence.

A review of the entire sentencing transcript assures us that the district court upheld the principles we set out in *Kappes* and *Bloch*. First, the district court explicitly imposed the three-year term of supervised release, which we presume would come with conditions attached. Second, the district court asked whether either party had objections to the conditions listed and justified in the PSR; neither raised any objections. Third, the district court asked whether Mr. Strobel wanted a full recitation of the conditions; Mr. Strobel declined. Fourth, the district court discussed the drug testing condition with Mr. Strobel and assured him that the court could amend the conditions of supervised release down the line, if appropriate. Finally, at the end of the hearing, the district court asked if there was anything else it needed to cover; both parties said there was not. The written judgment confirms our reading of the sentencing transcript, because the judgment references the conditions of supervised release that the court "adopted" at the hearing.[13]

**B.**

We are left, then, with one situation to address—the condition related to paying a fine and restitution. This condition appears in the written judgment, but not the PSR. As we noted earlier, the general rule is that a written judgment cannot add new conditions to what was included in the court's oral pronouncement. Our decision in *United States v. Anstice*, 930 F.3d 907 (7th Cir. 2019), provides, however, an

---

[13] R.30 at 3.

exception relevant to Mr. Strobel's case. In *Anstice*, the district court failed to mention five conditions during its oral pronouncement that it later included in its written judgment. *Id.* at 908. On appeal, we noted that three of the omitted conditions were mandatory—in other words, conditions required by statute—and two were discretionary. *Id.* at 909–10. We held that the district court's failure to mention the mandatory conditions during its oral pronouncement did not impact their applicability to the defendant. *Id.* at 909. Because a statute made those conditions mandatory, the sentencing court "had no discretion regarding whether to impose them." *Id.* They applied because Congress said so.

The discretionary conditions were another matter.[14] *Id.* at 909–10. Because the decision whether to impose those conditions is left to the sentencing court's discretion, their inclusion in the written order impermissibly conflicted with their absence during oral pronouncement. *See id.* at 910. We therefore vacated the conflicting discretionary conditions included in the written judgment and remanded to allow the district court a chance to reconsider those conditions. *Id.*

In Mr. Strobel's case, the single condition in the written judgment that did not appear in the PSR reads:

> If this judgment imposes a fine or
> a restitution obligation, it shall be

---

[14] The two discretionary conditions included in the written judgement but omitted during oral pronouncement were that the defendant (1) report to the probation office within seventy-two hours of release from prison, and (2) not possess a firearm. *United States v. Anstice*, 930 F.3d 907, 909–10 (7th Cir. 2019).

> a condition of supervised release
> that defendant pay any such fine
> or restitution that remains un-
> paid at the commencement of the
> term of supervised release in ac-
> cordance with the Schedule of
> Payments set forth in the Finan-
> cial Penalties sheet of this judg-
> ment.[15]

Since that condition is in the written judgment but was not part of the oral pronouncement, it is inconsistent with the district court's oral pronouncement (which adopted the PSR's proposed conditions of supervised release). Mr. Strobel concedes, correctly, that the portion of the condition regarding restitution payment is mandatory.[16] Under 18 U.S.C. § 3583(d), individuals on supervised release who are subject to restitution orders must make payments in accordance with 18 U.S.C. §§ 3663 and 3663A, the statutory restitution scheme. In the Sentencing Guidelines' provision on conditions of supervised release, the Sentencing Commission included a similar mandatory condition. *See* U.S.S.G. § 5D1.3(a)(6) (citing 18 U.S.C. § 3572(d)). Under our decision in *Anstice*, therefore, the restitution condition presents no reason for resentencing.

Mr. Strobel suggests, however, that the portion of the condition involving fine payment is not mandatory. He points out that § 3583(d) does not mention fines in the same

---

[15] R.30 at 3.

[16] *See* Appellant's Reply Br. 5.

way that it mentions restitution. In his view, although the Sentencing Commission included in the Guidelines a mandatory condition regarding fines that is consistent with the one at issue here,[17] that condition cannot be considered mandatory because it lacks specific statutory authorization.

We need not resolve this issue today. Even if the portion of the condition that relates to fines is not mandatory, it is still not inconsistent with the court's oral pronouncement under the circumstances of this case. In *Anstice*, the discretionary conditions that appeared for the first time in the written judgment required that the defendant report to probation within a certain time after release from prison and refrain from possessing a firearm. 930 F.3d at 909–10. Thus, the

---

[17] *See* U.S.S.G. § 5D1.3(a)(5) ("If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine (see 18 U.S.C. § 3624(e))."). In relevant part, the statute referenced in the Sentencing Guidelines' mandatory condition reads:

> Upon the release of a prisoner by the Bureau of Prisons to supervised release, the Bureau of Prisons shall notify such prisoner, verbally and in writing, of the requirement that the prisoner adhere to an installment schedule, not to exceed 2 years except in special circumstances, to pay for any fine imposed for the offense committed by such prisoner, and of the consequences of failure to pay such fines under sections 3611 through 3614 of [Title 18].

18 U.S.C. § 3624(e).

two conditions at issue in *Anstice* placed actual legal obligations on the defendant. Mr. Strobel's situation is meaningfully different. During Mr. Strobel's sentencing hearing, the district court imposed explicitly "no fine."[18] Because the fine-related portion of the condition at issue is dependent on the imposition of a fine—"[i]f this judgment imposes a fine"—it does not conflict with the district court's oral pronouncement of Mr. Strobel's sentence.[19] Put another way, the condition's discussion of how and when to pay a fine is a nullity since there is no fine for Mr. Strobel to pay. Thus, we have no reason to require the district court to resentence Mr. Strobel on account of that condition.

**Conclusion**

To be sure, we expect district courts to impose explicitly conditions of supervised release during oral pronouncement of sentence. Yet we recognize, too, that by their very nature, spoken judgments are more prone to error or omission than written judgments. In past cases where we vacated a sentence due to inconsistency between oral pronouncement and the written judgment, we have not demanded formalism for formalism's sake. Instead, we have ordered remand only when necessary to preserve the principles of notice and opportunity to object.

---

[18] Sent. Tr. at 31; *see also* R.30 at 5 (written judgment stating that "[t]he defendant does not have the means to pay a fine under [U.S.S.G.] § 5E1.2(c) without impairing his ability to support himself upon release from custody so I will impose no fine.").

[19] R.30 at 3.

Nothing in this case offended those bedrock principles. Mr. Strobel had ample notice and had no objection at sentencing (and has no objection now) to any of the conditions of supervised release. When we read the sentencing hearing transcript as a whole, it is clear that the district court imposed the conditions of supervised release included in Mr. Strobel's PSR. Because the district court's written judgment does not impermissibly conflict with those conditions, there is no basis for us to order resentencing. Accordingly, we affirm Mr. Strobel's sentence.

AFFIRMED

ROVNER, *Circuit Judge*, dissenting. The district court made a straightforward mistake and there is a straightforward, if inconvenient, solution: vacate the judgment and remand for a new sentencing hearing at which the court can declare its decision with respect to the conditions of supervised release. A defendant has a right to oral pronouncement of the sentence, including any conditions of supervised release that the court intends to impose. *See United States v. Sanchez*, 814 F.3d 844, 847 (7th Cir. 2016); *United States v. Kappes*, 782 F.3d 828, 862 (7th Cir. 2015); 18 U.S.C. § 3553(c). I agree with my colleagues that Strobel had notice of the proposed conditions, made no objection to those conditions, and waived the reading of the conditions in court. He did not waive his right to oral pronouncement of the sentence. One can infer from the record that the court meant to adopt the conditions as proposed and justified in the pre-sentence report, and it would have been sufficient had the court simply voiced that intent. *See United States v. Anglin*, 846 F.3d 954, 968-69 (7th Cir.), *cert. granted & j. vacated on other grounds*, 138 S. Ct. 126 (2017). It did not. When the time came to announce a decision as to conditions of supervised release, the court said nothing. The result is that the written judgment conflicts with the sentence as announced at the sentencing hearing. Under these circumstances, the oral pronouncement of the sentence controls. *E.g.*, *Sanchez*, 814 F.3d at 847-48. I appreciate my colleagues' effort to avoid the burdens of a remand by marshaling the five factors suggesting that Strobel was not prejudiced by the court's omission. *Ante* at 10. The problem, as I see it, is that our effort to excuse the omission in this case invites future litigation over whether similar omissions can be overlooked based on the facts of each case and their similarity to or divergence from the facts presented here. On an elemental aspect of

sentencing, a bright-line rule, strictly enforced, strikes me as the better approach. I would remand for re-sentencing and leave it to the district judge's discretion whether, as Strobel asks, to use the occasion to re-visit the separate question of whether the federal sentence should run consecutively to the state sentence.

I respectfully dissent.