[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10386

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARQUISE THOMAS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cr-00122-TPB-NPM-1

————————————————

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Marquise Thomas was indicted by a grand jury for possessing and accessing with intent to view prepubescent child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Thomas waived his right to a jury trial and the case proceeded to a bench trial. The district court found Thomas guilty, and he was subsequently sentenced to 78 months in prison, followed by a life term of supervised release. A restitution hearing followed, at which the district court granted five victims $3,000 each.

This appeal requires resolving two questions: (1) whether at the sentencing hearing, the district court failed to pronounce the "standard" conditions included in its written judgment; and (2) whether the restitution order ran afoul of the Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99 (2013). After reviewing the record and weighing the parties' arguments, we find that the district court neither erred at the sentencing hearing, nor erred in its restitution order, and affirm as to both.

## I. Background

In November 2018, Federal Bureau of Investigation (FBI) undercover agents investigated the sharing of child pornography on a publicly available online peer-to-peer file sharing program. The agents determined that a computer at Thomas's home address was sharing child pornography through this program. The agents connected directly to Thomas's computer and downloaded files

depicting a child engaged in sexually explicit conduct. In January 2019, the FBI executed a search warrant on Thomas's home and seized three laptops and a cellphone. The investigation revealed that between September 2017 and January 2019, Thomas knowingly possessed, or accessed with intent to view, child pornography. On January 20, 2023, following a bench trial, the district court convicted Thomas of one count of possession with intent to access or view prepubescent child pornography pursuant to 18 U.S.C. § 2252(a)(4)(B).

At sentencing, it was confirmed that a total of 116 pictures and 35 videos were recovered from Thomas's various devices. The district court described the pictures and videos as "[w]orse than child pornography . . . what we have here is . . . actually videos and pictures of children being tortured." Following a review of the presentence report, the district court concluded that Thomas's advisory sentencing range was 97 to 121 months in prison, five years to life of supervised release, restitution to be determined, as well as several additional fines and monetary assessments. The government recommended a sentence of 97 months and the following: registration as a sex offender, mental health treatment, prohibited contact with minors, and prohibited access and use of the internet without permission from the probation office.

In sentencing Thomas, the district court relied on written submissions including Thomas's sentencing memorandum, victim impact statements, and the advisory sentencing guidelines. Prior to announcing his sentence, the district court declared that

Thomas's supervised release would require complying with the Middle District of Florida's mandatory and standard conditions, as well as several special conditions.[1]  The district court then sentenced Thomas to 78 months in prison, followed by a life term of supervised release.  Thomas timely appealed his sentence.

## II.  Standard of Review

When a defendant fails to object to the conditions of his supervised release at sentencing, we will review his argument for plain error.  *See United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).  But if the defendant had no opportunity to object, we review de novo.  *United States v. Rodriguez*, 75 F.4th 1231, 1241, 1246 n.5 (11th Cir. 2023).

The legality of restitution orders, on the other hand, is reviewed de novo, with underlying facts reviewed for clear error. *United States v. Washington*, 434 F.3d 1265, 1267 (11th Cir. 2006).

---

[1] The special conditions include: participation in a mental health treatment program; participation in a sex offender mental health program; submission to polygraph testing for treatment and monitoring purposes; registration as a sex offender in any state of residence and employment; prohibited direct contact with minors under the age of 18 without written approval of a probation officer; prohibition from possessing, subscribing to, or viewing any image, videos, magazines, literature, or other materials depicting children in the nude and/or in sexually explicit positions; prohibition of possessing or using electronic devices capable of connecting to the internet without prior approval of the probation office; and prohibition of possession of any form of electronic data storage media.

23-10386                 Opinion of the Court                  5

### III.  Discussion

Our discussion is divided in two parts.  First, we address the alleged discrepancy between the district court's oral pronouncement and its written judgment.  Then, we review the district court's restitution order.

### A.

On appeal, Thomas argues that the district court erroneously failed to pronounce the thirteen "standard" conditions of his supervised release.  He asserts that we should order a limited remand so that the district court may strike these conditions from the judgment.

In *Rodriguez*, the defendant challenged a sentence that similarly included the imposition of thirteen discretionary conditions that were not pronounced at the sentencing hearing.  75 F.4th at 1240.  Drawing on due process principles, we explained that:

> A defendant has a constitutional right to be present and represented by counsel when the district court pronounces his sentence.  The right to be present at sentencing derives from the Fifth Amendment's Due Process Clause.  To satisfy due process, the district court must pronounce the sentence, giving the defendant notice of the sentence and an opportunity to object.

75 F.4th at 1247 (internal citations and quotations omitted).  In doing so, we followed the Fifth and Seventh Circuits in holding that a district court does not have to pronounce mandatory conditions

6                    Opinion of the Court                    23-10386

but must pronounce discretionary conditions. *Id.* at 1247–49; *see also United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc); *United States v. Anstice*, 930 F.3d 907, 910 (7th Cir. 2019). However, we also carved out an exception: district courts are "not required to individually pronounce each discretionary condition of supervised release if at sentencing the court expressly incorporates a written list detailing those conditions." *Rodriguez*, 75 F.4th at 1249.

The case before us here falls squarely within this exception. In *Rodriguez*, the district court neither referenced nor indicated that it would adopt conditions beyond those mandated by statute. *Id.* With Thomas however, the district court pronounced that he would have to comply with the Middle District of Florida's mandatory and standard conditions. These conditions are part of the district's judgment form which is available to the public on the court's website. *See* Middle District of Florida Criminal Judgment Form AO 245B. Additionally, while not verbatim, the thirteen conditions Thomas challenges mirror the conditions outlined in U.S.S.G. § 5D1.3(c).

Because the district court pronounced the inclusion of mandatory and standard conditions, we review for plain error. Under plain error review, Thomas is required to show: (1) the district court erred; (2) the error was plain; and (3) the error affected his substantial rights. *See United States v. Wiley*, 78 F.4th 1355, 1361 (11th Cir. 2023). We will not reverse under plain error "unless the error seriously affected the fairness, integrity, or public reputation

of judicial proceedings." *Id.* (internal quotation marks omitted and alterations adopted). With the first prong of plain error review, an error will be found where there is a deviation from a legal rule. *United States v. Olano*, 507 U.S. 725, 733 (1993). Considering our analysis above, we find no error. The district court pronounced, as required, the inclusion of standard conditions. Seeing as the first prong is not met, we need not continue with the remaining prongs. We thus affirm as to this issue.

B.

We now turn to a review of the restitution order. Thomas argues that the district court's imposition of a mandatory minimum without findings from a factfinder beyond a reasonable doubt violates his constitutional rights under *Alleyne v. United States*, 570 U.S. 99 (2013). We disagree.

In *Alleyne*, the Supreme Court held that:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

570 U.S. at 103 (internal citation omitted). *Alleyne* extended a principle established in *Apprendi v. New Jersey*, where the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

8                    Opinion of the Court                    23-10386

proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Following *Apprendi*, our circuit was asked to resolve whether its holding applied to restitution—we held that it does not. *See Dohrmann v. United States,* 442 F.3d 1279, 1281 (11th Cir. 2006).[2] Because *Alleyne* is an extension of *Apprendi*, it follows that *Alleyne*, too, would not apply to restitution orders.

Further, restitution in child pornography cases is mandatory. 18 U.S.C. § 2259(a), (b)(4)(A). The defendant must pay the "full amount of the victim's losses," accounting for the defendant's causal role. *Id.* § 2259(b)(2)(A). The statutory minimum amount of restitution, however, is $3,000. *Id.* As the government appropriately notes, the facts that would trigger § 2259(a) and (b)'s applicability are the same facts necessary for a defendant to be found guilty beyond a reasonable doubt.

A district court should order a restitution amount that "comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Paroline v. United States*, 572 U.S. 434, 458 (2014). While "[t]he government bears the burden of proving the restitution amount by a preponderance of the

---

[2] In *Dohrmann v. United States*, we drew from numerous sister circuits in support of our conclusion that *Apprendi* is inapplicable to restitution orders. 442 F.3d 1279, 1281 (11th Cir. 2006) (listing several sister circuit cases, including *United States v. Syme*, 276 F.3d 131, 159 (3d Cir. 2002) (explaining that *Apprendi* applies only to criminal penalties that increase a defendant's sentence "beyond the prescribed statutory maximum"), and *United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir. 2000) (clarifying that restitution orders are a civil penalty which makes *Apprendi* inapplicable because it is a rule of criminal procedure)).

evidence . . . a district court may accept a reasonable estimate of the loss." *United States v. Rothenberg*, 923 F.3d 1309, 1337 (11th Cir. 2019) (internal citation and quotation marks omitted). The district court has broad discretion to award restitution that is reasonable under the circumstances. *Id.* at 1334.

Here, the government received various restitution requests from attorneys representing the identified victims. At the sentencing hearing held on January 20, 2023, the district court considered these requests, in addition to the victim impact statements, and determined that restitution would be determined within 90 days. On April 14, 2023, the district court held a restitution hearing. Following the hearing, the district court issued an order, as mandated by § 2259(b)(2)(B), requiring that Thomas pay $15,000 in restitution—$3,000 to each of the five identified victims.

We find no error in the district court's order, and thus affirm with respect to this issue as well.

**AFFIRMED.**